

**MANDATE**

25-1975-cv
*Emsurgcare v. Hager*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/16/2026__

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty-six.

Present:

> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> BETH ROBINSON,
> *Circuit Judges.*

---

EMSURGCARE, EMERGENCY SURGICAL ASSISTANT,

    *Plaintiffs-Appellants,*

    v.                                    25-1975-cv

AVERY HAGER, OXFORD HEALTH PLANS (NY), INC., OXFORD HEALTH INSURANCE, INC., DOES #1-10,

    *Defendants-Appellees.*

---

For Plaintiffs-Appellants:           JONATHAN A. STIEGLITZ, Los Angeles, CA

For Avery Hager:                MICHAEL ZORKIN, Woodland Hills, CA

**MANDATE ISSUED ON 06/16/2026**

For Oxford Health:                  ADA W. DOLPH, Seyfarth Shaw LLP, Chicago, IL (Jules A. Levenson, Seyfarth Shaw LLP, Chicago, IL, Amanda L. Genovese, Seyfarth Shaw LLP, New York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Southern District of New York (J. Paul Oetken, *District Judge*) and from a judgment of the United States District Court for the Central District of California (André Birotte Jr., *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district courts are **AFFIRMED.**

Plaintiffs-Appellants Emsurgcare and Emergency Surgical Assistant (together, "Emsurgcare") appeal from a judgment of the United States District Court for the Southern District of New York entered on July 14, 2025, and a prior partial judgment of the United States District Court for the Central District of California entered on October 22, 2024, the appeal of which was transferred to this Court by the United States Court of Appeals for the Ninth Circuit.   Emsurgcare sued Defendants-Appellees Avery Hager ("Hager"), and Hager's insurance company, Oxford Health Plans (NY), Inc. and Oxford Health Insurance (together, "Oxford"), to recover an unpaid balance on emergency medical services it provided to Hager in 2018.   The United States District Court for the Central District of California dismissed Emsurgcare's breach of contract claim against Hager and transferred Emsurgcare's remaining claims against Oxford to the Southern District of New York.   *See Emsurgcare v. Hager*, No. 2:24-cv-02243, 2024 WL 3841495 (C.D. Cal. Aug. 8, 2024) ("*Emsurgcare I*").[1]   On June 12, 2025, Judge Oetken dismissed Emsurgcare's claims against Oxford.   *See Emsurgcare v. Hager*, No. 24-CV-6181, 2025 WL 1665072

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

(S.D.N.Y. June 12, 2025) ("*Emsurgcare II*").   Emsurgcare challenges both decisions on appeal. We assume the parties' familiarity with the case.

### I.       Background

In 2018, Hager experienced a medical emergency and sought assistance at a hospital in Los Angeles, California.   At Hager's request, surgery was performed by an Emsurgcare physician. Hager attended a follow-up appointment at Emsurgcare's offices where he signed several documents agreeing to be held responsible for services not covered by his insurer.   A billing dispute followed.   Emsurgcare ultimately billed Oxford $103,500 for the medical services it provided Hager, but the insurer paid Emsurgcare only $3,475.   Emsurgcare alleges that Oxford advised Hager not to pay additional sums when Emsurgcare sought to collect payment from Hager.

Emsurgcare sued Hager and Oxford in California state court to recover the remainder of the medical bill—$100,025 plus interest—and the case was removed to federal court. Emsurgcare asserted breach of contract and account stated claims against Hager and brought claims against Oxford for (1) violating the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), (2) tortious interference with contractual relations, and (3) tortious interference with prospective economic advantage benefits.

The Central District of California dismissed Emsurgcare's claims against Hager.   It held that the practice of "balance billing" (charging a patient for remaining costs after his insurer rejected payment requests) is illegal under California law, and so the contract between Hager and Emsurgcare was illegal and unenforceable.   *Emsurgcare I*, 2024 WL 3841495, at *2–*3. Emsurgcare had not denied that it was balance billing Hager; instead, it claimed that balance billing is illegal only when the insurer is a "health care service plan," as defined in *Prospect Medical Group v. Northridge Emergency Medical Group*, 45 Cal.4th 497, 501 n.1, 502 n.4 (2009), and that

Oxford was not such a plan. The district court found this argument "unconvincing." *Emsurgcare I*, 2024 WL 3841495, at *2–*3. The district court then transferred Emsurgcare's remaining claims against Oxford to the Southern District of New York pursuant to a forum selection clause in Hager's health plan, under which Emsurgcare claimed it was entitled to sue.

In the Southern District of New York, Emsurgcare conceded that its tortious interference claims against Oxford could not proceed because *Emsurgcare I* held that the contract between Emsurgcare and Hager was unenforceable. *Emsurgcare II*, 2025 WL 1665072, at *3. Thus, only Emsurgcare's ERISA claim remained. The district court granted Oxford's motion to dismiss this claim, holding primarily that Emsurgcare failed to allege that it was a beneficiary of Hager's health plan or that it was a proper assignee, either of which is needed to state an ERISA claim. *See id*. (citing *Giordano v. Thomson*, 564 F.3d 163, 168 (2d Cir. 2009)).

Emsurgcare now appeals the dismissals of its claims against both Hager and Oxford.

## II.    Discussion

On appeal, Emsurgcare surprisingly does not present any arguments explaining why the decisions of either district court were wrong on the merits. It essentially argues that both decisions cannot be right, and so at least one of them must be wrong. Specifically, Emsurgcare argues that if the California district court was correct that it cannot sue Hager, and the New York district court was correct that it cannot sue Oxford, then it is left in a Catch-22 where it cannot sue anyone. Such a situation is intolerable, it argues, and contravenes California law mandating that medical providers should have "recourse" in disputes over a balance stemming from emergency medical services.

As presented in Emsurgcare's opening brief, this argument boils down to a challenge only to the dismissal of Emsurgcare's contract claim against Hager, which was based on the California

4

Supreme Court's holding in *Prospect* that California law bans emergency medical providers from "balance billing" patients for amounts that insurers do not reimburse. 45 Cal.4th at 507. In that case, the interpreted various California statutory provisions to conclude that "doctors may not bill a patient for emergency services that the [health care service plan or HMO] is obligated to pay." *Id*. In a footnote, the court explained that its "holding is limited to the precise situation before [it]—billing the patient for emergency services when the doctors have recourse against the patient's [health insurance plan]." *Id*. at 507 n.5. The court further stated that it "express[es] no opinion regarding the situation when no such recourse is available; for example, if the [health insurance plan] is unable to pay or disputes coverage." *Id*. Emsurgcare seizes on this footnote to argue that California law "*mandates* that in the instance Medical Providers [Emsurgcare] are without recourse against [the health care service plan], Mr. Hager can be held liable to Medical Providers [Emsurgcare]." Appellants' Br. at 20 (emphasis added). But *Prospect* "mandated" no such thing. Quite to the contrary: It said that it "express[ed] no opinion" on that point. *Prospect*, 45 Cal.4th at 507 n.5.

It may be that there are other arguments one could make under California law, beyond this footnote in *Prospect,* for why Emsurgcare should be able to sue Hager for breach of contract. But Emsurgcare offers no such arguments. The discussion portion of its opening brief is remarkably scant, and it references none of the complicated California statutes that were analyzed in *Prospect*. Put another way, Emsurgcare makes no effort to answer the question upon which the California Supreme Court offered "no opinion." Because Emsurgcare has failed to proffer any meaningful analysis to explain why the Central District of California erred, we discern no basis to disturb the dismissal of the claim against Hager.

We reach a similar conclusion with respect to the Southern District's dismissal of

Emsurgcare's claims against Oxford.   As to the ERISA claim, Emsurgcare does not contend that the district court erred in dismissing it.   We therefore deem that claim abandoned.   *See Estle v. Int'l Bus. Machs. Corp.,* 23 F.4th 210, 215 n.3 (2d Cir. 2022).   In a brief section, devoid of any citations or legal argument, at the conclusion of its opening brief, Emsurgcare argues that if we revive its contract claim against Hager, we should also revive its tortious interference claims against Oxford.   But because Emsurgcare has presented no basis for disturbing the dismissal of its claim against Hager, it has likewise failed to establish any reason to reinstate its tortious inference claims against Oxford.

*        *        *

We have considered Emsurgcare's remaining arguments and find them unpersuasive. Accordingly, the judgments of the district courts are **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit