**Seyfarth**

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York  10018
**T** (212) 218-5500
**F** (212) 218-5526
agenovese@seyfarth.com
T (212) 218-5621

www.seyfarth.com

June 22, 2026

**VIA ECF**

Hon. J. Paul Oetken
United States District Judge
United States Courthouse, Southern District of New York
40 Foley Square
New York, NY 10007

**Re:    *Emsurgcare, et al. v. Hager, et al.***
       **Civil Action No.: 1:24-cv-06181-JPO**
       ***Request For Order Setting Deadline For Motion For Attorneys' Fees Under ERISA***

Dear Judge Oetken,

       We represent Oxford Health Insurance, Inc. and Oxford Health Plans (NY), Inc. ("Oxford") in the above-referenced matter.  We respectfully write to request that the Court order the deadline of July 15, 2026 for Oxford to file a motion for attorneys' fees pursuant to Section 502(g)(1) of the Employee Retirement Income Security Act.

       Plaintiffs Emsurgcare and Emergency Surgical Assistants ("Plaintiffs") are corporate provider entities that have had at least a dozen cases pending in federal courts since 2023, with more pending in state court in California.[1]  On February 1, 2024, Plaintiffs amended this action (which had been pending in California state court since 2022) to assert a claim against Oxford for benefits under ERISA § 502(a)(1)(B).  (Dkt. 1 ¶¶ 1, 3 17–21.)  Oxford removed the case to the United States District Court for the Central District of California on several grounds, including federal question jurisdiction as Plaintiffs asserted an ERISA claim against Oxford.  (*Id.* ¶¶ 17–21.)  Over Plaintiffs' opposition, Oxford successfully moved to transfer the case to this Court based on a forum selection provision contained in the operative ERISA plan.  (Dkt. 26.)

       Plaintiffs continued to pursue their ERISA benefits claim against Oxford throughout the proceedings in the Central District of California, including in opposing transfer. (Dkts. 1–26.)  After the case was transferred to this Court, Plaintiffs again continued to assert their ERISA claim.  (*See, e.g.* Dkt. 36 (motion to dismiss opposition), 42 (letter seeking leave to file second amended complaint).)  The Court rejected Plaintiffs' arguments, granted Oxford's motion to dismiss, denied Plaintiffs leave to amend, and on July 14, 2025, the Court entered judgment in Oxford's favor.  (Dkt. 40, 45, 46.)  Plaintiffs filed a notice of appeal on August 12, 2025, challenging the Court's judgment on their ERISA claim.  (Dkt. 47–49.)  On May 18, 2026, The United States Court of Appeals for the Second Circuit affirmed the judgment.  (Dkt. 50 at 1, 4, 6 (affirming judgment in favor of Defendants and noting that (1) "[a]s to the ERISA claim, Emsurgcare does not contend that the district court erred in dismissing it" and (2) "Emsurgcare surprisingly does not present any arguments explaining why the decisions of either district court were wrong on the merits").)

---

[1] *See Emsurgcare v. Unitedhealthcare Ins. Co.*, No. 2:24-CV-04612-SVW-SSC, 2026 WL 1048245, at *9 (C.D. Cal. Apr. 3, 2026) (awarding defendant Oxford $158,336.25 in attorney's fees against Plaintiff Emergency Surgical Assistant) (appeal filed by Plaintiffs pending).

 **Seyfarth**

Prior to submitting this request to set a deadline for Oxford's motion for attorneys' fees, the undersigned conferred with Plaintiffs' counsel in an effort to reach agreement on a full briefing schedule.  Although the parties conferred via correspondence, Plaintiffs' counsel ultimately declined to agree to a schedule and noted objections to Oxford's forthcoming motion.

Oxford respectfully requests a <u>July 15, 2026</u> deadline to file its motion for attorneys' fees. Oxford has incurred fees and costs in defending this action, including removing the case to federal court (where Plaintiffs' pleading asserted an ERISA claim for benefits against Oxford), litigating in the Central District of California, effectuating transfer to this Court based on the operative ERISA plan, and continuing to litigate the ERISA benefits claim in this Court.  Oxford has also expended substantial resources responding to an improperly-filed appeal by Plaintiffs in the United States Court of Appeals for the Ninth Circuit and defending against Plaintiffs' appeal of this Court's judgment dismissing the ERISA claim against Oxford in United States Court of Appeals for the Second Circuit.

Oxford submits that its requested fees will be supported by law and fact.  Plaintiffs' decision to pursue an ERISA claim (and to seek the advantages associated with such a claim, including the potential recovery of attorneys' fees) necessarily carried with it the corresponding risk of an adverse outcome, including the possibility of fee-shifting and fees in Oxford's favor.

We thank Your Honor for your attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

Amanda L. Genovese

cc: All counsel of record