**STIEGLITZ LAW P.C.**
5482 Wilshire Blvd., Suite 1917
Los Angeles, CA 90036
jonathan@stieglitzlaw.com
Phone: (323) 979-2063
Fax: (323) 488-6748

---

June 23, 2026

VIA ECF
Hon. J. Paul Oetken
United States District Judge
United States Courthouse, Southern District of New York
40 Foley Square
New York, NY 10007

**Re:**  ***Emsurgcare, et al. v. Hager, et al.***
**Civil Action No.: 1:24-cv-06181-JPO**
**Plaintiffs' Response to Oxford's Request to Set a Deadline for a Motion for Attorneys' Fees (Dkt. 51)**

Dear Judge Oetken:

We represent Plaintiffs Emsurgcare and Emergency Surgical Assistant ("Plaintiffs") and write in response to the June 22, 2026 letter (Dkt. 51) filed by Defendants Oxford Health Insurance, Inc. and Oxford Health Plans (NY), Inc. ("Oxford"), which asks the Court to set a July 15, 2026 deadline for Oxford to move for attorneys' fees under Section 502(g)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). While Defendants' letter suggests a request for scheduling, it hides an improper attempt to obtain this Court's permission to file a time-barred and foreclosed motion. As Oxford's letter recounts, the Court entered final judgment in Oxford's favor on July 14, 2025. (Dkt. 51 at 1; Dkt. 46.) Under Federal Rule of Civil Procedure 54(d)(2)(B)(i), Oxford's deadline to move for fees was therefore July 28, 2025—fourteen days later—and nearly a year ago. It did not do so. Oxford does not ask the Court to schedule a timely motion—it asks the Court to make a stale one timely.

## I.      Oxford asks the Court to revive a motion it allowed to expire.

Oxford's letter is most notable for what it omits. It does not seek leave to file late. It does not invoke excusable neglect. It recounts the judgment but never mentions the 14-day deadline that ran from it—or that it missed that deadline at all. Oxford instead asks the Court to "order [a] deadline of July 15, 2026," nearly a year after the deadline Rule 54 already imposed, so that it may later claim its motion is timely because "a court order provide[d] otherwise." That is the maneuver, and Rule 54 forecloses it.

Rule 54(d)(2)(B)(i) requires a fee motion to be filed "no later than 14 days after the entry of judgment," unless "a statute or a court order provides otherwise." Oxford filed no such motion, sought no extension, and obtained no order enlarging its time. It let the July 28, 2025 deadline pass and said nothing of fees for the next eleven months.

The "court order provides otherwise" clause does not save Oxford. The Second Circuit has squarely rejected the argument that this clause gives district courts "carte blanche to extend the time to move for attorneys' fees after the deadline expires without having to find 'excusable neglect' under Rule 6." *Tancredi v. Metropolitan Life Insurance Co.*, 378 F.3d 220, 226 (2d Cir. 2004). Instead, the Second Circuit held that, "absent a statute or order of the court such as a local rule, the district court was required to find 'excusable neglect' under Rule 6(b)(2)"—now Federal Rule of Civil Procedure 6(b)(1)(B)—"to extend the time to move for attorneys' fees after the expiration of Rule 54's fourteen-day deadline." *Id.* at 227–28. And "order of the court" does not mean "an individual judge's order extending the deadline," because reading it that way "would threaten the concept of a uniform deadline . . . and fly in the face of the rationales underlying the deadline." *Id.* at 227. The lone exception—a local rule enlarging the period—has no application here: as the court observed in *Tancredi* itself, "The Southern District of New York has no such rule." *Id.* at 227.

The District's current rules confirm as much. Local Civil Rule 54.1(c)(7) provides that a "motion for attorney's fees and related nontaxable expenses must be made within the time period prescribed by Fed. R. Civ. P. 54"—adopting Rule 54's deadline rather than enlarging it. And the Rule's treatment of fees is pointed: although Local Civil Rule 54.1(a) affords a party seeking taxable costs thirty days

after "the final disposition of the appeal," it grants motions for attorney's fees no comparable appeal-based extension. S.D.N.Y. Local Civ. R. 54.1(a), (c)(7) (eff. Jan. 2, 2026).

Oxford's request is precisely the maneuver *Tancredi* forecloses. Oxford asks the Court to fix a new filing date so that it may later claim its motion is timely under the "court order" clause—without acknowledging the deadline it missed, without moving to extend its time, and without attempting to show excusable neglect. The fourteen-day deadline is not jurisdictional, *see id.* at 227, but the only avenue to extend it after expiration is a Rule 6(b)(1)(B) motion demonstrating excusable neglect—relief Oxford has neither sought nor could obtain by recasting an untimely motion as a request to schedule one. And the required showing would be formidable. Excusable neglect turns on the equitable factors set out in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), of which the reason for the delay is the most important. In *Tancredi*, even a seven-day delay faced "a great hurdle," because "the fact that the delay and prejudice were minimal would not excuse [the movant's] mere inadvertence." 378 F.3d at 228. Oxford's delay is not seven days but nearly a year, and Oxford has offered no reason for the delay at all.

## II.     The appeal does not reset the deadline.

The deadline runs from "the entry of judgment," and an appeal does not reset it. *See* Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment; *Tancredi*, 378 F.3d at 226–28.

The Second Circuit addressed a similar (but significantly less egregious) situation in *Tancredi*, 378 F.3d at 226-28. In *Tancredi*, the movant filed its fee motion late before the district court, the district court denied it "without prejudice to renewal after the disposition of the then-pending appeal," and the movant renewed within fourteen days of the Second Circuit's Mandate. The Second Circuit held that its mandate did not open a new fourteen-day window under Rule 54 to render a fee motion timely. 378 F.3d at 226–28. Here, Oxford missed the fourteen-day window

and did not even file a later motion for fees. That an appeal was filed does not reinvigorate Oxford's ability to file a motion for fees.[1]

### III.     Conclusion.

Oxford's time to seek fees expired on July 28, 2025. The Court should deny Oxford's request to set a deadline for a motion that is already untimely, and it need not reach the merits of any fee request—such as the significant hurdle for an ERISA plan defendant to obtain fees—to do so. To the extent the Court is nonetheless inclined to set any schedule, Plaintiffs respectfully request that it be entered without prejudice to Plaintiffs' objections—procedural and substantive—which Plaintiffs expressly reserve.

We thank the Court for its attention to this matter.

Respectfully submitted,
STIEGLITZ LAW P.C.

By: /s/ Jonathan A. Stieglitz
Jonathan A. Stieglitz

cc: All counsel of record (via ECF)

---

[1] While in no way changing the analysis, two things are noteworthy. First, the appeal was filed on August 12, 2025 after the 14-day window expired on July 28, 2025. (Dkt. 47-49, 51 at 1). Second, as Oxford acknowledges, the appeal itself made no attempt to reinstate the ERISA claim and is therefore irrelevant to a motion for fees under Section 502(g)(1). (Dkt. 51 at 1) ("noting that [] as to the ERISA claim Emsurgcare does not contend that the district court erred in dismissing it".).