UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMSURGCARE, *et al.*,
Plaintiffs,

-v-

AVERY HAGER, *et al.*,
Defendants.

24-CV-6181 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

Before the Court is a motion for an extension of time to move for attorney's fees filed by Defendants Oxford Health Plans, NY Inc. and United Healthcare Oxford (collectively, "Oxford"). For the following reasons, Oxford's motion is granted in part and denied in part.

## I. Background

The Court assumes familiarity with the factual background of this case as set forth in the Court's previous orders. (ECF No. 26; ECF No. 40.)

As the Second Circuit noted and this Court detailed in its previous Order (ECF No. 40 at 4-5 & n.3), this action has proceeded in no fewer than five venues: It was filed initially in California state court before the case's removal to the Central District of California and subsequent transfer to this Court and was appealed to both the Second and Ninth Circuits. *See Emsurgcare v. Hager*, No. 25-1975, 2026 WL 1378672, at *1-2 (2d Cir. May 18, 2026) (summary order); *Emsurgcare v. Hager*, No. 25-4511, 2025 WL 2965006, at *1 (9th Cir. Sep. 24, 2025).[1] Plaintiffs filed their notice of appeal to the Second Circuit on August 14, 2025 (ECF

[1] As described in this Court's prior order, the current parties were first named in the amended complaint on February 1, 2024, despite the case's having originated in California state court in June 2022. (ECF No. 40 at 4-5 & n.3.)

No. 49), after the Court granted Defendants' motion to dismiss as to Plaintiffs' remaining claims (ECF No. 40 at 10) and denied (ECF No. 45) Plaintiffs' motion for leave to file an amended complaint (ECF No. 42). This Court's judgment was entered on July 14, 2025 (ECF No. 46), and the Second Circuit's mandate affirming this Court's judgment was issued and received on June 16, 2026 (ECF No. 50). *Emsurgcare*, 2026 WL 1378672, at *1.

On June 22, 2026, Oxford moved via letter motion for an extension of time to file a motion for attorney's fees under the Employee Retirement Income Security Act of 1974 ("ERISA") § 502(g)(1). (ECF No. 51 ("Mot.").) Although classified as a motion for an extension of time on the docket, Defendants styled their letter motion a "Request For Order Setting Deadline For Motion For Attorneys' Fees Under ERISA." (*Id.* at 1.) Plaintiffs filed an opposition to Defendants' letter motion on June 23, 2026. (ECF No. 52 ("Opp.").) At the Court's direction (ECF No. 53), Oxford filed a reply on June 26, 2026. (ECF No. 54 ("Reply").)

## II. Legal Standard

Federal Rule of Civil Procedure 54(d)(2)(B) details the required timing and contents of motions for attorney's fees after a judgment. Fed. R. Civ. P. 54(d)(2)(B). Such motions must be filed within fourteen days of the entry of judgment "[u]nless a statute or a court order provides otherwise," *id.*, and Local Civil Rule 54.1(c)(7) maintains Rule 54's fourteen-day limit in this Court, S.D.N.Y. Local R. 54.1(c)(7). While the fourteen-day limit is "not a fatal jurisdictional deadline," district courts do not have "untrammeled discretion" to grant extensions. *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 227 (2d Cir. 2004). Instead, courts may grant extensions after the deadline only when requested via motion and where a moving party can demonstrate that they failed to act earlier due to "excusable neglect." Fed. R. Civ. P. 6(b); *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Courts consider four factors in evaluating whether assertions of excusable neglect merit an extension: "(1) 'the danger of prejudice' to the nonmoving party, (2) 'the length of the delay and its potential impact on judicial proceedings,' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant,' and (4) 'whether the movant acted in good faith.'" *Robaina v. Deva Concepts, LLP*, No. 22-1142, 2023 WL 3144038, at *1 (2d Cir. Apr. 28, 2023) (summary order) (quoting *Pioneer*, 507 U.S. at 395). Although excusable neglect is "'an elastic concept' . . . 'taking account of all relevant circumstances,'" *Tancredi*, 378 F.3d at 227 (quoting *Pioneer*, 507 U.S. at 392-95), courts "focus[] on the third factor" even when the others favor the party seeking an extension, *Robaina*, 2023 WL 3144038, at *2 (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)). Despite courts' sympathy for parties who lose substantive rights due to oversight or error, "where the rule is entirely clear . . . a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Robaina*, 2023 WL 3144038, at *2 (quoting *In re Enron Corp.*, 419 F.3d 115, 123 (2d Cir. 2005)); *accord Silivanch*, 333 F.3d at 366-67 ("[T]he equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule[.]'").

Appellate fees, however, are not subject to Rule 54's timing limitations. Because the Federal Rules of Civil Procedure apply only to district court proceedings, Rule 54's reference to "judgments" does not encompass appellate courts' entries of judgment, and consequently "no part of Rule 54 is applicable to requests for appellate attorneys' fees." *L.I. Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cnty., Inc.*, No. 00-CV-7394, 2013 WL 6388633, at *4 (E.D.N.Y. Dec. 5, 2013); *accord Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, No. 07-CV-6304, 2021 WL 1222159, at *3 (S.D.N.Y. Mar. 31, 2021). Instead, parties are "required to apply for fees 'within a reasonable period of time after the

circuit's entry of final judgment.'" *Congregation Rabbinical Coll. of Tartikov*, 2021 WL 1222159, at *4 (quoting *L.I. Head Start*, 2013 WL 6388633, at *5). In determining whether a request to file for appellate fees is timely, courts have discretion to consider "traditional equitable principles." *Id.* (quoting *Cush-Crawford v. Adchem Corp.*, 234 F. Supp. 2d 207, 211 (E.D.N.Y. 2002)).

## III. Discussion

### A. Appellate Fees

Insofar as Oxford seeks to file for appellate attorney's fees, it is correct that Rule 54's deadline does not apply, and Plaintiffs' characterization of this motion as a disguised or erroneous attempt to seek pre-appeal fees is inapplicable. (Opp. at 1-2.) Oxford filed its motion on June 22, 2026 (ECF No. 51), just over a month after the Second Circuit's May 18, 2026 decision, *Emsurgcare*, 2026 WL 1378672, and within a week of this Court's receiving the Second Circuit's judgment, through issuance of its mandate, on June 16, 2026 (ECF No. 50). This is consistent with the timeline courts have deemed reasonable to seek appellate fees. *See, e.g.*, *Congregation Rabbinical College of Tartikov*, 2021 WL 1222159, at *5 (finding reasonable a request "made one month and 11 days after the Second Circuit's mandate"); *Cush-Crawford*, 234 F. Supp. 2d at 211 (finding reasonable a request made seven months after the Second Circuit's final judgment); *L.I. Head Start Child Dev. Servs.*, 2013 WL 6388633, at *1, 5 (finding reasonable a request made over two months after the Second Circuit's final judgment). Plaintiffs offer no contrary authority and indeed make no distinction or specific argument regarding the timeliness of Defendants' request to file a motion for appellate fees. (*See generally* Opp.)

Oxford's motion will accordingly be granted to the extent of permitting Oxford to file a motion seeking attorney's fees incurred on appeal on or before July 30, 2026.[2]

**B. Other Fees**

Oxford contends that its motion is a legitimate request for attorney's fees at the culmination of a case with a sprawling procedural history. (*See generally* Mot.; Reply at 2.) To justify its belated request for attorney's fees, Oxford argues that Plaintiffs' simultaneous appeals created "legitimate uncertainty" as to which court would exercise jurisdiction, even after this Court's judgment in July 2025. (Reply at 2.) Oxford also asserts that the excusable neglect standard both favors granting Oxford an extension and is premature on the existing letter-briefing. (Reply at 2-3.)

It is uncontested, however, that this Court's judgment was entered on July 14, 2025 (Reply at 2), and that Oxford's motion was filed nearly a year later on June 22, 2026 (Mot.). District court judgments trigger a fourteen-day period to move for attorney's fees, a deadline adopted to provide non-movants with notice of a fee motion before the time to appeal expires, as well as to promote efficiency and accuracy in fee motions. *Tancredi*, 378 F.3d at 227 (citing Fed. R. Civ. P. 54 advisory committee's notes (1993)). Though parties may seek to meet the "high bar" of demonstrating excusable neglect pursuant to Rule 6(b)(1)(B), deadlines generally, "once foregone, foreclose parties' ability to pursue their rights on the understanding that untimeliness forfeits those rights." *Robaina*, 2023 WL 3144038, at *2. Rule 6(b)(1)(B) is also clear that parties requesting an extension after time has expired must do so via motion and demonstrate that they missed the deadline due to excusable neglect. Fed. R. Civ. P. 6(b). As

[2] On July 13, 2026, Oxford requested that, should the Court extend its time to move for attorney's fees, it be granted seven days from the date of this order to file such a motion. (ECF No. 55.) That request is granted.

Oxford did not move for attorney's fees by the Rule 54 deadline after the entry of this Court's judgment in July 2025, it is incorrect in suggesting that an excusable neglect analysis is premature. (Reply at 2.) Indeed, to grant Oxford an extension, this Court must find that its prior failure to move for attorney's fees was a result of excusable neglect. *Tancredi*, 378 F.3d at 226.

A party seeking an extension bears the burden of proving excusable neglect and will not prevail "in the ordinary course" where it has failed to comply with an "entirely clear" rule. *Alexander v. Saul*, 5 F.4th 139, 148 (2d Cir. 2021) (quoting *In re Enron Corp.*, 419 F.3d at 123). Although excusable neglect is an "elastic concept," *Tancredi*, 378 F.3d at 228 (quotation marks omitted), courts take a "hard line" in applying the *Pioneer* factors even where three factors—"the length of the delay, the danger of prejudice, and the movant's good faith"—frequently favor the party seeking an extension, *In re Enron Corp.*, 419 F.3d at 122 (quotation marks omitted). Because the equities will rarely if ever favor a party that "fail[s] to follow the clear dictates of a court rule," *Silivanch*, 333 F.3d at 366 (quotation marks omitted), courts often "[a]fford[] dispositive weight to . . . the reason for the delay as the most important *Pioneer* factor," *Alexander*, 5 F.4th at 149.

Oxford does not make the formidable showing necessary to excuse its failure to comply with the deadline clearly set forth by Rule 54 with respect to fees incurred in the district court. Oxford presents this case's procedural complexities, including Plaintiffs' concurrent appeals, as a factor beyond its control that merits an extension. (Reply at 2.) But the relevant question is whether Oxford was "prevented from complying by forces beyond its control" or "cho[]se to miss a deadline . . . for a very good reason." *Pioneer*, 507 U.S. at 387-88. Oxford gestures vaguely at the "procedural disorder" created by Plaintiffs (Reply at 2), but does not explain why Plaintiffs litigating across multiple forums prevented it from moving for fees in the court where a

judgment was issued, nor why Oxford's failure to do so was forgivable "inadvertence, miscalculation, or negligence" rather than simply "flout[ing] a deadline." *Id.* at 388. On the contrary, Oxford's own cited authorities make plain that it was required to file its motion for attorney's fees after the entry of this Court's judgment in compliance with Rule 54's deadline.[3] *See, e.g.*, *Cush-Crawford*, 234 F. Supp. 2d at 211 (specifying that Rule 54 "applies to applications for attorneys' fees incurred at the trial level"); *Katalyst Secs.*, 2023 WL 22610, at *2 (same).

Moreover, prolonged delay after the deadline may prejudice a party, especially as Rule 54's deadline serves to ensure that fee motions may be litigated in any appeal and are filed while records and recollections are still fresh. *See Marchisotto v. City of New York*, No. 05-CV-2699, 2009 WL 2229695, at *4 (S.D.N.Y. July 27, 2009) (finding missing a deadline by "well over a year" prejudicial despite the moving party's acting in good faith). This motion, filed nearly a year after the deadline and after the completion of the appeal, is at least somewhat prejudicial to Plaintiffs, and bears little resemblance to the minimal delays courts have deemed excusable neglect. *See, e.g.*, *Katalyst Secs.*, 2023 WL 22610, at *2-3 (finding a two-day delay after a filing deadline insufficient to create prejudice). Where courts have permitted late filings after more extended periods, it has been in cases where the delay is not contrary to the goal of the deadline in the underlying rule and no prejudice was present. *See, e.g.*, *Bolin v. Harvard Prot. Servs., Inc.*, 277 F. App'x 102, 105-06 (2d Cir. 2008) (summary order) (affirming a district court's granting leave to file an amended answer after three years because the non-movant's claims of prejudice amounted only to "insubstantial" discrepancies). Even if Oxford's otherwise

---

[3] Indeed, Oxford correctly cites *Cush-Crawford* for the proposition that "Rule 54 applies to applications for attorneys' fees at the trial level, not to applications for appellate attorneys' fees." (Reply at 3.) This is exactly the balance the Court enforces here.

successful litigation and attempt to present one convenient, unified fee motion demonstrates good faith, an erroneous strategy "d[oes] not relieve [a party] of [its] obligation to comply with clear procedural rules, and does not constitute a valid explanation for [its] neglect." *Marchisotto*, 2009 WL 2229695, at *5.

Consequently, Oxford's reasons for delay and contentions regarding the remaining *Pioneer* factors are insufficient to demonstrate excusable neglect. Oxford's motion for an extension of time is therefore denied as to non-appellate attorney's fees.

## IV. Conclusion

For the foregoing reasons, Oxford's motion for an extension of time to move for attorney's fees is GRANTED in part and DENIED in part. Oxford shall file its motion for appellate attorney's fees on or before July 30, 2026.

The Clerk of Court is directed to close the motions at Docket Numbers 51 and 55.

SO ORDERED.

Dated: July 23, 2026
New York, New York

J. PAUL OETKEN
United States District Judge